

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 2, 1972

Honorable Robert S. Calvert          Opinion No. M-1229
Comptroller of Public Accounts
State Finance Building          Re:  Construction of Section 10
Austin, Texas   78774               of Article V of Senate Bill
                                    1, Acts 62nd Leg., 3rd C.S.
Dear Mr. Calvert:                   1972.

        You have requested our opinion on the proper construction
to be given the following quoted provision of Section 10 of Article
V of Senate Bill 1, Acts 62nd Legislature, 3rd Called Session,
1972, being the current General Appropriations Act relating to
group insurance policies on State employees:

        ". . . The maximum payment by the State for
    any individual employee on any policy or policies
    shall not exceed Twelve Dollars and Fifty Cents
    ($12.50) per month per full-time employee . . . ."
    (p. V-37, Journal Supplement).

        The correlative provisions of the immediately preceding
General Appropriations Act (Acts 62nd Leg., R.S. 1971, S.B. 11,
as amended by S.B. 7, Acts 62nd Leg., 1st C.S. 1971, Art. V,
Sec. 10, p. V-38, 3799) provided:

        ". . . Payment by the state from the designated
    funds on any policy or policies shall be limited to
    twelve dollars and fifty cents ($12.50) per month
    per full-time employee . . . ."

        In construing the above quoted provision of Section 10
of Article V of Senate Bill 11, it was held in Attorney General's
Opinion M-919-A (1971):

        "Section 10, Article V, Senate Bill No. 11,
    Acts of 62nd Legislature, Regular Session, 1971,
    is a rider to the General Appropriation Act. That
    rider limits the amount that a State agency may
    contribute in the aggregate for insurance for its
    employees to an amount reached by multiplying
    $12.50 by the number of full time employees on

-6022-

the payroll.  It does not place any limit on the amount that may be contributed to premiums for an individual employee."  See also Attorney General's Opinion M-919 (1971).

It is our opinion that the provisions of Section 10 of Article V of Senate Bill 1 make no substantial change from the above quoted provisions of Section 10 of Article V of Senate Bill 11.  While the provisions of Section 10 of Article V of Senate Bill 1 use the phrase "for any individual employee" yet this phrase is followed by and subject to the further provision that such payment is "on any policy or policies."  Our interpretation of the new rider is the same as it was for the old rider as expressed in Attorney General's Opinions M-919 (1971) and M-919-A (1971).

You are accordingly advised that the rider limits the amount that a State agency may contribute in the aggregate for insurance for its employees to an amount reached by multiplying $12.50 by the number of full time employees on the payroll.  It does not place any limit on the amount that may be contributed to premiums for an individual employee.

### S U M M A R Y

Section 10 of Article V of Senate Bill 1, Acts 62nd Leg., 3rd C.S. 1972, limits the amount that a State agency may contribute in the aggregate for group insurance for its employees to an amount reached by multiplying $12.50 by the number of full time employees on the payroll.  It does not place any limit on the amount that may be contributed to premiums for an individual employee.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

-6023-

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
Bill Campbell
William Craig
Ben Harrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant